# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| JESSICA MATA, (on behalf of herself and all others similarly situated) 120 E Grant Ave. Pueblo, Co. 81004-2131 | : | |
| Plaintiff, | : | Civ. No. _____ |
| v. | : | |
| CITY OF COLORADO SPRINGS, 30 S. Nevada Ave. Suite 501 Colorado Springs, CO 80903 | : | |
| SCOTT LEE, DIRECTOR (Individually and Officially) COLORADO SPRINGS PARKING SYSTEMS ENTERPRISE, 130 S. Nevada Ave. 2nd floor, Southeast Corner Colorado Springs, CO 80903 | : | |
| COLORADO SPRINGS PARKING SYSTEMS ENTERPRISE, 130 S. Nevada Ave. 2nd floor, Southeast Corner Colorado Springs, CO 80903 | : | |
| COLORADO SPRINGS POLICE DEPARTMENT, PARKING ENFORCEMENT Police Operations Center 703 South Nevada Avenue Colorado Springs, CO 80903 | : | |
| JANE AND OR JOHN DOE PARKING ENFORCEMENT OFFICER (S), COLORADO SPRINGS PARKING SYSTEMS ENTERPRISE, 130 S. Nevada Ave. 2nd floor, Southeast Corner Colorado Springs, CO 80903 | : | |
| JANE AND OR JOHN DOE, SUPERVISOR, COLORADO SPRINGS POLICE | : | |

| | |
|---|---|
| DEPARTMENT, PARKING ENFORCEMENT | : |
| Police Operations Center | : |
| 703 South Nevada Avenue | : |
| Colorado Springs, CO 80903 | : |
|     Defendants. | : |

## CLASS ACTION COMPLAINT

Plaintiff, Jessica Mata, by and through her undersigned counsel, makes this Complaint against Defendants as follows:

**I.  NATURE OF ACTION**

1. This is a class action for damages and injunctive relief brought by Plaintiffs for Declaratory Judgment and violations of Section 1983 of Title 42 of the U.S. Code (42 U.S.C. § 1983), 4 CCR 723-6, and for an award under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

2. This Court has jurisdiction over this action and the claims alleged herein under federal statute pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has jurisdiction over Plaintiff's request for declaratory judgment and declaratory relief under 28 U.S.C. §§ 2201 and 2201 as implemented by Rule 57 of the Federal Rules of Civil Procedure;

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the conduct giving rise to this action occurred in this District, Defendants regularly conduct business in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## II. IDENTIFICATION OF THE PARTIES

5. Jessica Mata, is an adult individual with an address of 120 E Grant Ave., Pueblo, Co. 81004-2131.

6. The City of Colorado Springs, with a registered legal office of 30 S. Nevada Ave., Suite 501, Colorado Springs, CO 80903, is the municipal agency overseeing, in charge of, superior to its Parking Systems Enterprise.

7. Scott Lee Is Director of the Colorado Springs Parking Systems Enterprise, and has a registered address of 130 S. Nevada Ave., 2nd floor, Southeast Corner, Colorado Springs, CO 80903

8. Colorado Springs Parking Systems Enterprise, is the municipal agency in charge of enforcing the City of Colorado Springs' Parking Regulations and has a registered address of 130 S. Nevada Ave. 2nd floor, Southeast Corner, Colorado Springs, CO 80903.

9. Colorado Springs Police Department, Parking Enforcement, with a registered office in the Police Operations Center, 703 South Nevada Avenue, Colorado Springs, CO 80903 oversees enforcement of the Colorado Springs Parking Regulations by the Colorado Springs Parking Systems Enterprise.

10. Jane and/or John Doe parking enforcement officers are those who employed the illegal Boots at issue herein.

11. Jane and/or John Doe Colorado Springs Police Department – supervisor of the Colorado Springs Parking Systems Enterprise Enforcement is the commanding officer of the individual parking enforcement officers who directed that the illegal Boots be employed and/or is responsible therefore.

### III. IDENTIFICATION OF THE PUTATIVE CLASS

12. Plaintiff brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who have had their vehicles unlawfully Booted by the Colorado Springs Parking Systems Enterprise and/or Colorado Springs Police Department between November 8, 2017 and January 21, 2020.

### IV. IDENTIFICATION OF MATTERS GIVING RISE TO SUIT

13. On or about November 8, 2019, at approximately 4-5 p.m. (M.S.T.), ostensibly because Plaintiff owed $145.00 (including a Boot fee) - for a total of four (4) outstanding parking tickets, Defendants applied a Denver Boot to Plaintiff's vehicle.

14. The Notice glued to the vehicle window plainly noted that the Parking Systems Enterprise was immobilizing it until and unless cash was remitted sans any pre or post-deprivation judicial review.

15. Plaintiff's husband – driving the vehicle at the time, paid the $145 in cash and was told that because it was after hours on a Friday, it would be hours before a Police Officer could remove the Boot.

16. Plaintiff, therefore, was required to drive from the parties home in Pueblo to Colorado Springs to pick up her husband.

17. First thing the next business day, Plaintiff's husband went into Municipal Court and verified that with payment of the monies claimed owed to have Plaintiff's vehicle released, there were no remaining outstanding tickets against the vehicle.

18. Flash forward to January 10, 2020, when Plaintiff's husband goes out to catch the meter[1] -- again on a Friday afternoon, and finds Plaintiff's vehicle again Booted.

19. Plaintiff's husband – and counsel, instantly went to Municipal Court to ascertain why the vehicle was, again, Booted when there should not be any tickets outstanding over 30 days and were told that – in fact, there were 2 outstanding tickets which had been previously compromised, previously marked paid, that were now, in fact, open and outside of 30 days.

20. Plaintiff's husband was plainly told his only option was to remit the monies they claimed due and owing, and ask for an internal investigation.

21. Plaintiff's husband plainly asked for any option of judicial review prior to remitting the monies sought (including, again, a $32.00 Boot Fee and $11.00 in previously negotiated and cleared tickets) and was told he could speak with a Municipal Clerk to ask for an investigation to be conducted but, if he wanted to reclaim the vehicle, he would have to remit the monies they alleged were due.

22. Defendants, acting as prosecutor, judge, and jury – affording zero pre or post deprivation due process, have now Booted Plaintiff's car twice in violation of Section 1983 of Title 42 of the U.S. Code (42 U.S.C. § 1983).

---

[1] Plaintiff's husband is a local attorney working for the undersigned's office. We were promised off street parking but, then, the landlord oversubscribed the building forcing us – on most days, to use metered parking. Despite the office's best efforts, certain John and/or Jane Doe Defendants have taken it as Sport to ticket our vehicles (well known to them). We, as a rule, take any and all outstanding tickets (including any provided to our clients) regularly and routinely to municipal court and resolve them in one shot.

## V. CLASS ALLEGATIONS

23. The Class is so numerous that joinder of all members is impracticable. Although the size of the Class (and any separate classes or sub-classes that may be appropriate under Fed.R.Civ.P. 23(c)(5)) is presently unknown to Plaintiff, this information is easily obtainable in keystrokes from Defendants, who have it in their exclusive possession and maintain it electronically in the ordinary course of business.

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal common and predominating question in this case is whether or not Defendants were required to provide an opportunity for judicial review either before or immediately after Booting a vehicle, but in all events prior to a party being required to pay the demanded cash Tithe to get their vehicle back.

25. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

26. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has retained counsel who is highly experienced in handling class actions, particularly consumer class actions. Neither Plaintiff nor his counsel has any interests which conflict with or are antagonistic to those of the Class or which might cause them to not vigorously pursue this action.

27. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish

incompatible standards of conduct for the parties opposing any Class, as well as a risk of adjudication with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impede or impair their ability to protect their interests.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. The interests of Class members in individually controlling the prosecution of separate claims against Defendants is small given the small amount of the actual damages at issue for each Class member, but which in the aggregate are estimated to involve millions of dollars. Management of the action as a class action is likely to present significantly fewer difficulties than those presented any assertion of many individual claims. The identities of Class members can easily be obtained from Defendants' computerized and electronic records with mere keystrokes.

## VI. CAUSES OF ACTION

### COUNT I

*Violations of Section 1983 of Title 42 of the U.S. Code*
*(42 U.S.C. § 1983)*

**14th Amendment Due Process Violations**

29. 42 U.S.C. § 1983, commonly referred to as "section 1983" provides:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered

to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added);

30. The immobilization of Plaintiff's vehicle without notice and the right to a hearing violated her right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article II, section 25 of the Colorado Constitution. *Patterson v. Cronin*, 650 P.2d 531, 535 (Co. S. Ct. 1982).

31. Procedural due process requires that a person with a possessory interest in property seized by the state must be afforded an opportunity for a hearing and adequate notice of the hearing. *Id. @ 536, citing*, *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975); *Armstrong v. Manzo*, 380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965); *New Safari Lounge v. Colorado Springs,* 193 Colo. 428, 567 P.2d 372 (1977).

32. As the United States Supreme Court has stated in *Fuentes v. Shevin*, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972):

> "For more than a century the central meaning of procedural due process had been clear: `Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' It is equally fundamental that the right to notice and an opportunity to be heard `must be granted at a meaningful time and in a meaningful manner.'"

*Id*, citing 407 U.S. at 80, 92 S. Ct. at 1994, 32 L. Ed. 2d at 569-70.

33. As now enforced, the property interests deprived by the immobilization procedure are twofold: (1) an interest in and use of the

immobilized vehicle; and (2) an interest in the "boot" fee collected by Defendants for the removal of the immobilization device.

34. Both interests are significant to the individual involved. First, Plaintiff's right to the continued possession and uninterrupted use of her vehicle is protected by the constitutional provisions of due process. A person's ability to make a living as well as access to both the necessities and amenities of life may depend on the availability of an automobile when needed. *Patterson, citing Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971); *Stypmann v. San Francisco*, 557 F.2d 1338 (9th Cir. 1977); *Graff v. Nichol*, 370 F. Supp. 974 (N.D. Ill. 1974).

35. While the owner's interest may only be temporarily restricted before the boot is removed upon payment of the accumulated parking fines and a "boot" fee, it does not diminish the fact that a deprivation has occurred in violation of due process:

> "[Due process] draws no bright lines around three-day, 10 day or 50 day deprivations of property. Any significant taking of property by the State is within the purview of the Due Process Clause. Although the length or severity of the deprivation of use or possession would be another factor to weigh in determining the appropriate form of a hearing, it [is] not deemed determinative of the right to a hearing of some sort.'"

*Patterson @ 536, citing North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. at 606, 95 S. Ct. at 42, 722 L. Ed. 2d at 757.

36. Secondly, the individual's interest in the money used to pay the "boot" fee collected by Defendants for the removal of the immobilization device

itself is also constitutionally protected. *Id, citing Remm v. Landrieu*, 418 F. Supp. 542 (E.D. La. 1976); *Webbs Fabulous Pharmacies v. Beckwith*, 449 U.S. 155, 101 S. Ct. 446, 66 L. Ed. 2d 358 (1980); *Buffelen Woodworking Co. v. Cook*, 28 Wash. App. 501, 625 P.2d 703 (1981).

37. Inasmuch as the Defendants provide no mechanism whereby the owner of the automobile can challenge the immobilization procedure as improper, the deprivation which results from the payment of the "boot" fee must be considered final. *Id.*

38. Therefore, because constitutionally protected private interests are involved when an automobile is immobilized by Defendants, due process requirements of a hearing and adequate notice of the hearing must be provided. *Patterson*, 650 P.2d @ 537.

39. Once a property or liberty deprivation is shown, the fundamental procedural due process safeguards of notice and an opportunity to be heard "at a meaningful time and in a meaningful manner" are absolute.

40. In instances of using the Denver Boot, the Colorado Supreme Court has definitively held that, at a minimum, persons whose vehicles have been Booted must be afforded meaningful post-deprivation due process in the form of a "prompt and adequate proceeding" upon demand and immediately after the immobilization has occurred.

41. Under the current procedures employed by Defendants, no post-deprivation hearing is so provided to persons whose vehicles have been

10

immobilized by the Boot.

42. As stated in the immobilization notice affixed to the immobilized vehicle, release can be obtained only after the owner pays a Defendants their cash Tithe and all accumulated fines registered against the vehicle.

43. No provision exists in the ordinance for obtaining release of the vehicle by posting a bond while a deprivation hearing is pending.

44. Nor is there any provision which would mitigate the loss if the detention of the vehicle is improper.

45. Moreover, the ordinance as written and enforced lacks any procedure whereby the owner of the vehicle can subsequently challenge the immobilization as unjustified.

46. Because no opportunity is given under the present scheme to contest Defendants' actions immobilizing a motor vehicle at a prompt post-deprivation hearing, the immobilization of Plaintiff's vehicle violated her right to due process of law.

### COUNT II

*Violations of Section 1983 of Title 42 of the U.S. Code*
*(42 U.S.C. § 1983)*

**Illegal Seizure of Vehicles**

47. All prior averments are incorporated herein as though set forth below in complete detail.

48. A private party is liable under § 1983 if they "willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right." *Abbott*

*v. Latshaw*, 164 F.3d 141, 147-148 (3d Cir. 1998).

49. The Fourth Amendment, incorporated to the states by way of the Fourteenth Amendment, protects an individual against an unlawful search or seizure by providing that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV; *Miller v. Hassinger*, 173 F. Appx. 948, 952 (3d Cir. 2006).

50. "A Fourth Amendment seizure' of personal property occurs when there is some meaningful interference with an individual's possessory interests in that property.'" *Brown v. Muhlenberg Twp*., 269 F.3d 205, 209 (3d Cir. 2001) (*quoting United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

51. "The Supreme Court has taken an expansive view of the concept of seizure, ' as set forth in *Soldal v. Cook Cnty, Ill*., 506 U.S. 56, 61-65 (1992) (a Fourth Amendment seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property.')". *Abbott*, 164 F.3d at 149 (emphasis added); *Gomez v. Feissner*, 474 F.Appx. 53, 57 (3d Cir. 2012).

52. A Fourteenth Amendment procedural due process claim stands alongside a Fourth Amendment claim for a seizure of real property, just as for a seizure of personal property. *See Gerhart v. Com. of Pa.,* CIV.A. 09-CV-1145, 2009 WL 2581715, at *4 (E.D. Pa. Aug. 13, 2009); *Gale v. Storti*, 608 F.Supp.2d 629, 634 (E.D. Pa. 2009) (permitting procedural due process claims, along with Fourth Amendment claims, surrounding eviction to survive motion to dismiss).

## COUNT III

### *The Civil Rights Attorney's Fees Awards Act of 1976*
### *42 U.S.C. § 1988.*

53.     Plaintiffs, upon successful resolution of Counts I and II hereof, are entitled to a reasonable award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

## COUNT IV

### *Declaratory Relief/Judgment*

54.     Plaintiffs hereby demand – pursuant to 28 U.S.C. §§ 2201 and 2201 as implement by Rule 57 of the Federal Rules of Civil Procedure, Declaratory Judgment that Defendants actions and conduct outlined above is a violation of 42 U.S.C. § 1983 and several state common and statutory laws.

**VII.    PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. A determination that this action may be maintained as a class action;
b. All actual and compensatory damages available by statute or under the common law;
c. All statutory damages available by statute;
d. Punitive or treble damages as available by statute or under the common law;
e. Declaratory, injunctive and/or such other equitable relief as may be allowed by law;
f. All reasonable attorneys' fees, witness fees, expert fees, court costs and other litigation costs incurred by Plaintiff as may be authorized or allowed by law; and,
g. Such other and further relief deemed just and appropriate by this Honorable Court.

**VIII****JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

DATED: January 20, 2020

***Dickson Law Group***
*S/ Joseph A. O' Keefe*
Joseph A. O'Keefe,
(Co. Bar No.52229)
(Pa. Bar. No. 77068)
***Ryan Gilman***
(Co. Bar No.44179)
Counsel for Plaintiff
605 S. Tejon Street
Colorado Springs, CO 80903
719-888-5882

## VERIFICATION

I, Jessica Mata, state and aver that the facts set forth in the foregoing Complaint are based on information furnished to counsel, which information has been obtained by counsel in the course of this lawsuit.

The language of the Complaint is that of counsel and not of the undersigned. The undersigned verifies that he has read the attached Complaint and that the facts set forth therein are true and correct to the best of his information and belief.

To the extent that the language of the Complaint is that of counsel, the undersigned has relied upon counsel in making this Verification. This Verification is made subject to the penalties relating to unsworn falsification to authorities.

Dated: 1/20/2020 /s Jessica Mata
                                                       Jessica Mata.